UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES OF THE BAY AREA ROOFERS HEALTH & WELFARE TRUST FUND, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>GUDGEL YANCEY ROOFING INC.,<br><br>Defendant. | Case No. 16-CV-04310-LHK<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 32 |

Plaintiffs Board of Trustees of the Bay Area Roofers Health & Welfare Trust Fund; Pacific Roofers Pension Plan; East Bay/North Bay Roofers Vacation Trust Fund, Bay Area Counties Roofing Industry Promotion Fund, Bay Area Counties Roofing Industry Apprenticeship Training Fund; and Doug Ziegler, as Trustee (collectively, "Plaintiffs"), are multi-employer employee benefit plans. Plaintiffs bring this action against Defendant Gudgel Yancey Roofing, Inc. ("Defendant") alleging violations of the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, and the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. ECF No. 31 (First Amended Complaint, or "FAC"). Before the Court is Defendant's motion to dismiss. ECF No. 32 ("Def. Mot."). The Court finds this matter appropriate for determination

without oral argument and hereby VACATES the motion hearing set for March 23, 2016. *See* Civil L.R. 7-1(b). Having considered the parties' submissions, the relevant law, and the record in this case, the Court hereby DENIES Defendant's motion to dismiss.

## I. BACKGROUND

### A. Factual Background

Plaintiffs are multi-employer employee benefit funds. FAC ¶ 7. Plaintiffs receive contributions from individuals who are parties to a collective bargaining agreement ("CBA") that exists between Local 81 of the United Union of Roofers, Waterproofers and Allied Workers, AFL-CIO ("Local 81"), and the Associated Roofing Contractors of the Bay Area Counties, Inc. *Id.* & *id.* Ex. A ("CBA"). Under the CBA, employers are bound to certain trust agreements (hereinafter, "Trust Agreements") which obligate employers "to make timely contributions" to certain trust funds, including, for example, the Bay Area Roofer's Health & Welfare Trust. *Id.* ¶ 16. Under the Trust Agreements and applicable collection policies, "payments received later than the last day of the month following the month in which the hours were worked are delinquent and liquidated damages shall be assessed on all delinquent contributions to the Trust Funds along with interest." *Id.* ¶ 21.

Defendant is a roofing, waterproofing, and contracting business in Sacramento County, California. *Id.* ¶ 9. Since approximately 2004, Defendant has requested apprentices from Local 81's Joint Apprenticeship and Training Committee Program ("JATC Program"). *Id.* ¶ 14. Specifically, Defendant has requested apprentices by submitting to Local 81 a "Request for Dispatch of an Apprentice" form. *Id.* ¶ 15. The FAC does not allege the number of apprentice requests that Defendant has made since 2004, however Plaintiffs allege specific examples of two instances in which Defendant requested and received apprentices from Local 81.

Specifically, on November 13, 2012, Mike Sperling ("Sperling") submitted a "Request for Dispatch of an Apprentice" form to Local 81 on behalf of Defendant. *Id.* ¶ 15 & Ex. B. On November 19, 2012, Sperling "accepted" an apprentice "Referral Page" from Local 81 and, the Court assumes, an accompanying apprentice from Local 81. *Id.* ¶ 16 & Ex. C. The Referral Page

2
Case No. 16-CV-04310-LHK
ORDER DENYING MOTION TO DISMISS

that Sperling allegedly accepted is on Local 81 letterhead and lists the employee name "Eduardo Perez." *Id.* The Referral Page states that the individual is to "Report to: Gudgel Yancey" and the Referral Page contains the following "Note":

> By accepting this referral, the individual employer recognizes [Local 81] as the majority collective bargaining representative of his or its employees employed in the counties covered by the [CBA] between Local 81 and the Associated Roofing Contractors of the Bay Area Counties and recognizes the Union as the exclusive collective bargaining agent for such employees and further agrees that it is bound to said [CBA] including all the wages, hours, and all other terms and conditions of such [CBA] including the payment of all wage scales and all trust fund contributions specific and required by said [CBA].

*Id.*; *see also* FAC ¶ 16.

Plaintiffs also allege that on February 22, 2016, Jeff Bushey ("Bushey") submitted a "Request for Dispatch of Apprentice Form" to Local 81 on behalf of Defendant. *Id.* ¶ 15 & Ex. C. On February 23, 2016, Bushey "accepted" an apprentice Referral Page from Local 81. *Id.* ¶ 16 & Ex. C. The Referral Page that Bushey allegedly accepted lists the employee name "Gustavo Perales," and states that the individual is to "Report To: Gudgel Yancey Roofing." *Id.* The Referral Page contains the same "Note" quoted above. *Id.*

Plaintiffs further allege that Defendant has "paid union wages and fringe benefit contributions to the Trust Funds pursuant to the terms of the CBAs and Trust Agreements for dispatched apprentices" from Local 81. *Id.* ¶ 17 & Ex. D. Moreover, Defendant has submitted monthly employer reports to Plaintiffs. *Id.* ¶ 18. Plaintiffs attach to the FAC monthly employer reports for the months of July 2015 and April, May, and June of 2016. *Id.* Ex. E. *Id.* ¶ 18; *see also id.* Ex. E. The monthly employer reports list the name of each Trust Fund, and direct that checks shall be made payable to "Roofers Local Union No. 81 Trust Funds." *Id.* Ex. E. There is an instruction that "Payments not received by the last day of the month following the month being reported are delinquent and subject to liquidated damages to each Trust Fund plus interest on the contributions due as provided in each Fund's Trust Agreement." *Id.* The attached monthly employer reports include the names and social security numbers of specific employees, the hours

3

Case No. 16-CV-04310-LHK
ORDER DENYING MOTION TO DISMISS

worked of each employee, the "fringe rate" for each employee, and the "fringe total owed" for each employee. *Id.* An "apprentice training fee" is also included in the "total check amount." *Id.* The monthly reports are signed by Defendant's office manager, Nancy White, and include language stating: "I certify that the information herein is true and correct to the best of my knowledge and belief and that all contributions due under the Trust Agreement have been included." *Id.* Plaintiffs allege that "[t]hese monthly employer reports show Defendant has paid and is paying the fringe benefit contributions called for in the CBAs [and Trust Agreements] for dispatched apprentices." *Id.* ¶ 18.

According to Plaintiffs, "Defendant has failed to submit its employer contribution report including payment owed for the month of October 2016." *Id.* ¶ 24. Moreover, "Defendant also owes [Plaintiffs] liquidated damages and interest on its untimely payment of April–June 2016 contributions" to Plaintiffs, as required by the CBA and Trust Agreements. *Id.* ¶ 25. Plaintiffs also allege that Defendant has refused to submit to an audit of its July 1, 2013 through September 30, 2013 payroll records, although Defendant initially agreed to allow Plaintiffs to conduct such an audit. *Id.* ¶¶ 28–30.

**B.   Procedural History**

Plaintiffs filed suit against Defendant in this Court on July 29, 2016. ECF No. 1. Plaintiffs asserted causes of action under ERISA and the LMRA for delinquent contributions and breach of the CBA and Trust Agreements. *See id.* ¶¶ 35–45. Plaintiffs also requested an injunction to audit Defendant's records for the time period of July 1, 2013 through September 30, 2013. *Id.* ¶ 32.

On September 2, 2016, Defendant filed a motion to dismiss the Complaint. ECF No. 15. Specifically, Defendant argued that Plaintiffs' Complaint failed to state a claim because the Complaint failed to allege sufficient facts to establish that Defendant was bound to the CBA between Local 81 and the Associated Roofing Contractors such that Defendant owed contributions to Plaintiffs under the CBA and Trust Agreements. *Id.* at 2.

On September 15, 2016, Plaintiffs filed a response in opposition to Defendant's motion to dismiss, and argued that Defendant had bound itself to the CBA by its conduct. ECF No. 16.

4

Case No. 16-CV-04310-LHK
ORDER DENYING MOTION TO DISMISS

Plaintiffs attached to their opposition a declaration and several exhibits, which Plaintiffs stated evinced Defendant's intent to be bound by the CBA and Trust Agreements. *See id*. On September 23, 2016, Defendant filed a Reply. ECF No. 17.

On December 5, 2016, the Court granted Defendant's motion to dismiss. ECF No. 28; *Bd. of Trustees of the Bay Area Roofers Health & Welfare Trust Fund v. Gudgel Yancey Roofing, Inc.*, 2016 WL 7049240 (N.D. Cal. Dec. 5, 2016). Specifically, the Court found that the allegations in Plaintiffs' complaint were insufficient to show that Defendant bound itself to the CBA by its conduct. *Id.* at *5. Plaintiffs' Complaint alleged only that Defendant bound itself to the CBA "by way of accepting a public works contract to train apprentices," and the Complaint stated conclusively that "Defendant accepted" a single "Referral Page." *Id.* The Referral Page attached to the Complaint was dated August 25, 2015, and the Complaint contained no further details regarding which individuals at Defendant allegedly "accepted" the attached Referral Page or the time period that Defendant accepted apprentices and apprentice Referral Pages from Local 81. *Id.* Although Plaintiffs' opposition to Defendant's motion to dismiss set forth further details about Defendant's conduct, the Court held that it could not consider these additional details on a motion to dismiss because these factual details were outside of the pleadings. *Id.* at *6 (citing *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)). Accordingly, the Court found that the Complaint failed to plausibly allege that Defendant bound itself to the CBA by its conduct such that Defendant was liable to Plaintiffs for delinquent contributions owed under the CBA and Trust Agreements. *Id.* at *7.

On January 3, 2017, Plaintiffs filed a FAC. *See* FAC. Plaintiffs' FAC again alleged that Defendant was liable to Plaintiffs under the LMRA and ERISA for delinquent contributions owed to Plaintiffs under the CBA and Trust Agreements. Unlike Plaintiffs' original Complaint, however, Plaintiffs' FAC alleged when Defendant began accepting apprentices from Local 81, and the FAC contained specific examples regarding which individuals at Defendant had accepted apprentices and apprentice Referral Forms from Local 81. *See* FAC ¶ 15. Moreover, unlike the original Complaint, Plaintiffs' FAC alleged that Defendant had paid union wages and fringe

5
Case No. 16-CV-04310-LHK
ORDER DENYING MOTION TO DISMISS

1   benefit contributions to the Trust Funds for dispatched apprentices pursuant to the terms of the

2   CBA and Trust Agreements, and that Defendant had submitted monthly employer contribution

3   reports to Plaintiffs. *See, e.g.*, *id.* ¶¶ 15–17.

4         The FAC alleges the same three causes of action against Defendant that Plaintiffs alleged

5   in the original Complaint.  Specifically, Count One of the FAC requests an injunction "requiring

6   an audit of the time period July 1, 2013 through September 30, 2013, and an order requiring all

7   unpaid or underpaid contributions, liquidated damages, and pre-judgment interest revealed to be

8   due and owing as a result of any such audit." *Id.* ¶ 37.

9         Count Two asserts a cause of action under ERISA for delinquent contributions. *Id.* ¶¶ 39–

10  44.  According to Plaintiffs, Defendant "failed to submit its employer contribution report including

11  principal amount, liquidated damages, and interest owed for the month of October 2016," and

12  Defendant accordingly owes to Plaintiffs "liquidated damages and interest for its untimely

13  payment of April through June 2016 contributions." *Id.* ¶ 43.

14        Count Three asserts a cause of action under the LMRA for breach of the CBA. *Id.* ¶¶ 45–

15  49.  Specifically, the FAC alleges that Defendant has failed to pay contributions in breach of the

16  CBA, and that Plaintiffs are thus "entitled to damages, liquidated damages, interest, reasonable

17  attorney's fees, and costs pursuant to the agreement." *Id.* ¶ 47.

18        On January 17, 2017, Defendant moved to dismiss the FAC.  *See* Def. Mot.  On January

19  31, 2017, Plaintiffs filed an opposition to Defendant's motion to dismiss.  ECF No. 33 ("Pl.

20  Opp.").  On February 7, 2017, Defendant filed a Reply.  ECF No. 35 ("Reply").

21  **II.  LEGAL STANDARD**

22  **A.  Motion to Dismiss Under Rule 12(b)(6)**

23        Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an

24  action for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell*

25  *Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the

26  plaintiff pleads factual content that allows the court to draw the reasonable inference that the

27  defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a

28

United States District Court
Northern District of California

1    'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

2    unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted).

3          For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations

4    in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving

5    party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

6    However, a court need not accept as true allegations contradicted by judicially noticeable facts,

7    *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and a "court may look beyond the

8    plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into

9    one for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 (9th Cir. 2011).  Mere "conclusory

10   allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss."

11   *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

12   **B.    Leave to Amend**

13         If the Court concludes that a motion to dismiss should be granted, it must then decide

14   whether to grant leave to amend.  Under Rule 15(a) of the Federal Rules of Civil Procedure, leave

15   to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose

16   of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or

17   technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation omitted).

18   Nonetheless, a district court may deny leave to amend a complaint due to "undue delay, bad faith

19   or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

20   previously allowed, undue prejudice to the opposing party by virtue of allowance of the

21   amendment, [and] futility of amendment." *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d

22   522, 532 (9th Cir. 2008).

23   **III.   DISCUSSION**

24         Defendant argues that Plaintiffs' FAC must be dismissed because Defendant is not a party

25   to the CBA between Local 81 and the Associated Roofing Contractors, and thus Defendant cannot

26   be held liable to Plaintiffs for failure to comply with the CBA's or Trust Agreements' contribution

27   requirements. *See* Def. Mot. at 7.  Plaintiffs contend, however, that although Defendant is not a

28

United States District Court
Northern District of California

signatory to the CBA, Defendant became bound to the CBA by its conduct, and therefore Defendant must comply with the CBA's and Trust Agreements' contribution requirements for apprentices dispatched to Defendant from Local 81. Pl. Opp. at 9–11.[1] Accordingly, to resolve the instant motion to dismiss, the Court must determine whether the FAC adequately alleges that Defendant became bound by its conduct to the CBA.

The Ninth Circuit has recognized that a party who is not a signatory to a CBA "can adopt [a labor agreement] by their conduct." *So. Cal. Painters & Allied Trade Dist. Council No. 36 v. Best Interiors, Inc.*, 359 F.3d 1127, 1131–33 (9th Cir. 2004). In determining whether an employer has adopted a CBA by conduct, "the relevant inquiry is whether the party has displayed 'conduct manifesting an intention to abide by the terms of the agreement.'" *Id.* at 1133 (quoting *NLRB v. Haberman Constr. Co.*, 641 F.2d 351, 356 (5th Cir. 1981) (en banc)). "[A]n employer need not adopt the CBA in its entirety; rather, an employer can adopt through its conduct parts of an agreement." *Alaska Hotel Rest. & Camp Empls. Health. & Welfare Trust Fund v. Remington Lodging & Hosp.*, 2014 WL 12567158, at *6 (D. Ala. Aug. 18, 2014) (internal quotation marks omitted). "Whether particular conduct in a given case demonstrates the existence or adoption of an agreement is a question of fact." *Arco Elec. Co. v. NLRB*, 618 F.2d 698, 699 (10th Cir. 1980). In determining whether an employer has bound itself to a CBA by its conduct, courts have considered a variety of factors, including "'the payment of union wages, the remission of union dues, the payment of fringe benefit contributions, the existence of other agreements evidencing assent and the submission of the employer to union jurisdiction, such as that created by grievance

---

[1] Defendant asserts that Plaintiffs seek in this litigation to hold Defendant liable to *all* of the terms of the CBA and that Plaintiffs seek contributions owed for *all* of Defendant's employees. However, the facts alleged in the FAC are directed towards Defendant's conduct relating to its apprentices. *See, e.g.,* FAC ¶ 35 ("Pursuant to the CBAs and applicable Trust agreements, which Defendant agreed to be bound by its conduct through paying union wages and benefits and voluntarily implementing the terms of the CBAs and Trust Agreements *for those apprentices . . .*"). Moreover, Plaintiffs state in their opposition that "[t]he whole purpose of this litigation is to compel Defendant to an audit as required by the CBAs and applicable Trust Agreements, in order to determine whether Defendant has correctly reported all of its required hours to the Trust Funds *for the apprentices* dispatched by the JATC." Pl. Opp. at 8 (emphasis added). Accordingly, even if allegations in the FAC could be read as seeking broader relief from Defendant, Plaintiffs have waived such a claim in their opposition.

8
Case No. 16-CV-04310-LHK
ORDER DENYING MOTION TO DISMISS

procedures.'" *Gudgel Yancey*, 2016 WL 7049240, at *5 (quoting *Bricklayers Local 21 of Ill. Apprenticeship & Training Prog. v. Banner Restoration, Inc.*, 385 F.3d 761, 766 (7th Cir. 2004)).

Plaintiffs' FAC alleges facts that are relevant to several of these factors, including "the payment of union wages," "the payment of fringe benefit contributions," and the "existence of other agreements evidencing assent." *See Gudgel Yancey*, 2016 WL 7049240, at *5. Specifically, Plaintiffs allege that Defendant has requested and received apprentices from Local 81's JATC Program since at least 2004. In accepting apprentices from Local 81, Plaintiffs allege that Defendant has also "accepted" apprentice Referral Forms from Local 81. FAC ¶ 16. These apprentice Referral Forms contain the following language:

> By accepting this referral, the individual employer recognizes [Local 81] as the majority collective bargaining representative of his or its employees employed in the counties covered by the [CBA] between Local 81 and the Associated Roofing Contractors of the Bay Area Counties and recognizes the Union as the exclusive collecting bargaining agent for such employees and further agrees that it is bound to said [CBA] including all the wages, hours, and all the other terms and conditions of such [CBA] including the payment of all wage scales and all trust fund contributions specific and required by said [CBA].

*Id.* ¶ 16 & Ex. C.

In addition to alleging that Defendant "accepted" the above language, Plaintiffs allege that Defendant has "paid union wages and fringe benefit contributions to the Trust Funds pursuant to the terms of the CBAs and Trust Agreements for dispatched apprentices," and that Defendant has submitted "monthly employer reports" to Plaintiffs. FAC ¶ 17. Plaintiffs attach to the FAC "copies of monthly employer reports for the months of July 2015 and April 2016 to June 2016" that are filled out and signed by Defendant. FAC ¶ 18. These monthly employer reports set forth the names of individual employees at Defendant, the hours worked by the listed employee, the total amount of fringe benefits owed to Plaintiffs for each listed employee, and an "apprentice training fee." *See id.* Ex. E. The monthly employer reports are signed by Defendant's office manager, Nancy White, who certified that "all contributions due under the Trust Agreement have been included." *Id.* These monthly employer reports also contain language instructing that

9

Case No. 16-CV-04310-LHK
ORDER DENYING MOTION TO DISMISS

1  "[p]ayments not received by the last day of the month following the month being reported are
2  delinquent and subject to liquidated damages to each Trust Fund plus interest on the contributions
3  due as provided in each Fund's Trust Agreement." *Id.*

4  Presuming "all factual allegations of the complaint to be true," and "draw[ing] all
5  reasonable inferences in favor of" Plaintiffs, *Knevelbaard Dairies v. Kraft Foods, Inc.*, 232 F.3d
6  979, 984 (9th Cir. 2000) (internal quotation marks omitted), which the Court must on a motion to
7  dismiss, the FAC plausibly suggests that Defendant manifested an intent to be bound by the CBA
8  and Trust Agreements. *See, e.g.*, *Best Interiors*, 359 F.3d at 1132 (recognizing an employer's
9  payment of "union wages and benefits" as relevant to whether the employer adopted a CBA by its
10 conduct); *Trustees of Oregon & Sw. Wash. Painters Pension Trust Fund v. Beer*, 2007 WL
11 4180675, at *4 (D. Or. 2007) (finding on summary judgment that an employer adopted a CBA by
12 conduct where, among other factors, the employer "submit[ed] remittance reports and fringe-
13 benefit contributions to Plaintiffs for work performed under the CBA" for several months).
14 Indeed, a district court within this Circuit has held that an employer's payment "of fringe benefit
15 contributions demonstrates at least a plausible claim that [Defendant] adopted the labor
16 agreements" by its conduct. *United Here Health v. Tinoco's Kitchen, LLC*, 2012 WL 5511639, at
17 *4 (D. Nev. Nov. 13, 2012); *see also Alaska Hotel Rest. & Camp Empls. Health & Welfare Trust
18 Fund*, 2014 WL 12567158, at *6 (noting that "[o]ne of the most important factors considered in
19 determining whether an employer has adopted a CBA by its conduct is the continuing payment of
20 fringe benefit contributions" (internal quotation marks omitted)).

21 In its motion to dismiss, Defendant insists that it has *not* fully complied with the CBA in
22 all respects, and Defendant contends that its conduct is "consistent with compliance with [the state
23 law] requirement to hire apprentices in public works' contracts," not an intent to be bound by the
24 CBA. Def. Mot. at 9 (citing Lab. Code § 1775.5). However, Defendant's arguments are better
25 suited for summary judgment or trial, when Defendant is free to introduce competing evidence and
26 the Court may consider the record as a whole to determine whether and to what extent Defendant
27 is liable. Indeed, the cases upon which Defendant relies were decided on motions for summary

28

judgment or petitions to compel arbitrations, not motions to dismiss under Rule 12(b)(6). *See, e.g.*, *Bay Area Typographical Union v. Alameda Newspapers, Inc.*, 900 F.2d 197, 200 (9th Cir. 1990) (affirming district court's judgment because the district court's finding regarding the employer's intent was "supported by the evidence" in the record); *Hosp. & Inst. Workers Local 250 v. Pasatiempo Dev. Corp.*, 627 F.2d 1011, 1012 (9th Cir. 1980) ("The case turns upon factual issues and the trial court's finding that there was no agreement is not clearly erroneous.").

As set forth above, Plaintiffs have alleged that Defendant requested and received apprentices from Local 81, that Defendant paid union wages and fringe benefit contributions for those apprentices, that Defendant "accepted" language purporting to bind Defendant to the CBA, and that Defendant regularly submitted monthly employer reports to Plaintiffs that contained language that "all contributions due under the Trust Agreement have been included." *See* FAC ¶¶ 15–18; *id.* Ex. E. Thus, the FAC's facts plausibly suggest that Defendant manifested an intent to be bound by the CBA and Trust Agreements. *Starr v. Baca*, 652 F. 3d 1202, 1216 (9th Cir. 2011) ("If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6).").

Defendant also asserts that the FAC must be dismissed because Plaintiffs have not adequately alleged that Defendant was bound by the CBA during the time periods that Plaintiffs seek relief. Def. Mot. at 10. Specifically, Defendant asserts that the FAC fails to allege facts showing that Defendant was bound to the CBA from July 2013 to September 2013—the months for which Plaintiffs request an audit—or during October 2016, the month for which Plaintiffs seek unpaid contributions. *Id.* at 10–11. However, the FAC alleges that Defendant "has been requesting apprentices from the Roofers Local 81 JATC program since approximately 2004," and Plaintiffs allege that Defendant "has paid and is paying the fringe benefit contributions called for in the CBAs for dispatched apprentices." FAC ¶ 14, 18. Plaintiffs attach specific monthly transmittals submitted by Defendant in July 2015 and April, May, and June 2016, in addition to specific apprentice Referral Forms that Defendant allegedly accepted on specific dates in 2012 and

11

2015. *See, e.g.*, *id.*, Ex. E. Fairly read, these facts regarding Defendant's conduct from 2004 to the present plausibly suggest that Defendant was bound to the CBA in 2013 and in October 2016. *See Iqbal*, 556 U.S. at 678("A claim has 'facial plausibility' when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Accordingly, Plaintiffs have stated claims for relief based on Defendant's failure to comply with the CBA's and Trust Agreements' contribution requirements for apprentices dispatched to Defendant from Local 81. Defendant's motion to dismiss is DENIED.

## IV.  CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion to dismiss the FAC.

**IT IS SO ORDERED.**

Dated: March 21, 2017

_____
LUCY H. KOH
United States District Judge

12
Case No. 16-CV-04310-LHK
ORDER DENYING MOTION TO DISMISS